ANNA JACOBSON *vs.* RITA STONE.

Suffolk.     October 5, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* Invited person.

At the trial of an action for personal injuries sustained through ordinary negligence of the defendant in driving an automobile in which the plaintiff was riding, there was evidence that the plaintiff and the defendant were sisters; that the defendant in her automobile took the plaintiff to a city solely so that the plaintiff might get a sum of money to lend to the defendant, the plaintiff having been promised by the defendant that she would take her carefully and bring her home if she could get the money for the defendant; that the plaintiff obtained the money and turned it over to the defendant; that the accident occurred as they were on their way back to the plaintiff's home; that the plaintiff took no promissory note from the defendant or her husband, charged no interest on the loan and fixed no date for the return of the money other than "as soon as they could," she merely wanting "to help" her "sister out." A motion that a verdict be ordered for the defendant was denied. There was a verdict for the plaintiff. The defendant alleged exceptions. *Held,* that

(1) On the evidence a finding was not warranted that the plaintiff either paid or agreed to pay the defendant anything directly for her transportation, and as a matter of law a finding was not warranted that the plaintiff was a passenger for hire; at most she was merely a guest;

(2) There being no evidence of more than ordinary negligence of the defendant, a verdict for the defendant should have been ordered; and judgment for the defendant was ordered entered.

TORT. Writ dated March 29, 1928.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence and proceedings as to parties defendant are stated in the opinion. A motion by the defendant that a verdict in her favor be ordered was denied.

There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*W. I. Badger*, for the defendant.

*A. J. Berkwitz*, for the plaintiff.

FIELD, J. This is an action of tort — brought originally against Robert Stone and his wife, Rita Stone, and later discontinued as against Robert Stone — to recover compensation for personal injuries sustained by the plaintiff when riding in an automobile operated by Rita Stone, herein called the defendant. The defendant's motion for a directed verdict was denied and she excepted. A verdict for the plaintiff resulted.

There was evidence of ordinary negligence on the part of the defendant, but of no other or greater culpability, so that a verdict for her should have been directed if the plaintiff was merely her guest. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Cook* v. *Cole*, 273 Mass. 557.

A finding more favorable to the plaintiff than that she was a guest of the defendant was not warranted. There was testimony that the defendant took her sister, the plaintiff, in an automobile from the plaintiff's home in Dorchester to Boston so that she might get $200 to lend to the defendant — the plaintiff having no other reason for going to Boston at the time and having been promised by the defendant that she would take her carefully and bring her home if she could get the money for the defendant, that the plaintiff obtained the money and turned it over to the defendant, and that as they were on their way back to Dorchester in the automobile operated by the defendant the accident occurred. The plaintiff testified that she took no promissory note from the defendant or her husband, charged no interest on the loan and fixed no date for the return of the money other than "as soon as they could," and that she was not in the business of lending money, but in this instance "wanted to help . . . [her] sister out." It could not have been found on this evidence that the plaintiff was a passenger for hire. She neither paid nor agreed to pay the defendant anything directly for her transportation. The defendant's undertaking to transport

her sister was gratuitous unless the benefit derived by the defendant from the loan gave the undertaking a different character. But the loan was not made as payment for the transportation. The transportation was incidental to the loan and partook of its nature. By necessary inference from the plaintiff's testimony the loan was gratuitous and created no contractual obligation between the parties beyond the obligation of the defendant to repay the money. The evidence, like that in the case of *Baker* v. *Hurwitch,* 265 Mass. 360, which governs the case at bar, was "insufficient to indicate anything more than the friendly relations or the sense of mutual obligation arising between kindred." Page 361. See also *Flynn* v. *Lewis,* 231 Mass. 550, 554. In this respect the case differs from *Loftus* v. *Pelletier,* 223 Mass. 63, *Lyttle* v. *Monto,* 248 Mass. 340, *Jackson* v. *Queen,* 257 Mass. 515, *Labatte* v. *Lavallee,* 258 Mass. 527, and *Murphy* v. *Barry,* 264 Mass. 557, 558, relied on by the plaintiff. A benefit, though measurable in money, resulting from such relations, or sense of obligation, is not hire.

> *Exceptions sustained.*
> *Judgment for defendant.*