# Richmond

## A. B. Brown and Oliver Farm Equipment Sales Company v. Robert Parker.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*James H. Price* and *Ashton Dovell*, for the plaintiffs in error.

*Channing M. Hall* and *Merrill Brown*, for the defendant in error.

HOLT, J., delivered the opinion of the court.

In an automobile collision Robert Parker was hurt and because of injuries so suffered, he has won a judgment against A. B. Brown and Oliver Farm Equipment Sales Company in the sum of $3,097. We have had occasion to deal with that collision in a case this day decided wherein Frank J. Lee was the plaintiff. The defendants here were the defendants there.

The general situation as has been stated was this: Lee, driving a light unloaded Ford truck, was traveling east on a paved road, while Brown, in a Chevrolet coupe, on the business of his master, the Oliver Company, came south on a dirt road. These roads crossed each other practically at right angles. When Brown was sixty-five or seventy-five feet away from this intersection, he could have seen the truck for a distance of several hundred feet and he could have seen it for at least three hundred feet from the point of intersection. Lee could have seen the coupe when it was sixty-five or seventy-five feet north of the crossing. Within these distances, there was nothing to prevent the driver of the coupe from seeing the truck and the driver of the truck from seeing the coupe, yet they ran together, the truck striking the coupe broadside.

We have held that Lee was guilty of contributory negligence and for that reason his judgment has been set aside. This record also shows him to have been negligent. On the morning of the accident he took some chickens in coops from his home to Five Forks. Parker, a colored man and neighbor, at Lee's request helped him in loading and at Lee's suggestion rode with him to Five Forks. It was upon their return that the accident occurred. These roads were well known to both of these men and Lee was an experienced driver. Parker tells us that as they approached this intersection Lee was driving slowly, at an estimated speed of from twenty to twenty-five miles an hour.

What relation did they bear to each other? Lee paid

Parker nothing for what he did and Parker was in no wise interested in the undertaking. Such work in loading as he did was gratuitous and he rode with Lee at Lee's suggestion. He was but an invited guest. *Poole* v. *Kelley*, 162 Va. 279, 173 S. E. 537; *Gale* v. *Wilber*, 163 Va. 211, 175 S. E. 739; *Flynn* v. *Lewis*, 231 Mass. 550, 121 N. E. 493, 2 A. L. R. 896. But Lee is not a party to this action and so the guest doctrine is not directly involved.

Defendants in substance contend that their negligence has not been proven. They say "the law places upon them [plaintiff] the burden of showing by a preponderance of evidence that the defendants were guilty of negligence. Neither the plaintiff nor any of the witnesses testifying for him can give any connected account of the accident or any explanation of how it happened. The plaintiff certainly cannot recover upon the showing that he has made. The negligence, if any, must be charged to the driver of the truck." *Petition for writ of error.* It will be seen from this that negligence is not directly charged against Parker, nor does the record show him to have been negligent. It is true that he was inattentive, he did not see the coupe until the moment of impact and did not know how the collision occurred.

In *Hancock* v. *Norfolk & Western Railway Company*, 149 Va. 829, 141 S. E. 849, it was held that the negligence of a driver is not always to be imputed to a passenger, but that it is his duty to use ordinary care for his own safety and that a railroad crossing is in itself a danger signal. If Parker had kept the most vigilant of outlooks, what would he have seen? He would have seen a car, approaching from the left, on a county dirt road and presumably at proper speed. Upon what did he have a right to rely? His driver was experienced, competent and knew the country well. They were proceeding at a reasonable rate and could be seen from the coupe. There is no reason to believe that that car would undertake to cross in front of his truck plainly visible, for since the truck was on the right, it had the right of way (Code, section 2154 (123)), while the coupe was required to come to a full stop before undertaking to cross at all (Code, section 2154 (132)).

In these circumstances there was no occasion for him to caution his driver or to do anything else. A dirt crossing, unlike a railway crossing, is not of itself a danger signal.

Defendants' contention seems to be that these men were upon a common venture and that Lee's negligence can be. imputed to Parker. Parker, as we have seen, was a guest or invitee and as such could exercise no control over Lee. Some measure of joint control is necessary to make the venture joint.

.In *Virginia R. & P. Co.* v. *Gorsuch*, 120 Va. 655, 91 S. E. 632, 633, Ann. Cas. 1918B, 838: "The doctrine of imputable negligence has been discussed and the books are full of cases dealing with the question. There are some conflicts in the decisions, but it may be regarded as settled by the overwhelming weight of authority that the negligence of the.driver of an automobile will not be imputed to a mere passenger, unless the passenger has or exercises control over the driver." *Director General* v. *Pence's Adm'x*, 135 Va. 329, 116 S. E. 351, 356; *Morgan's Adm'r* v. *A. C. L. R. Co.*, 136 Va. 394, 118 S. E. 233; *Virginian Ry. Co.* v. *Farr*, 147 Va. 217, 136 S. E. 668; *Boyd, Higgins & Goforth* v. *Mahone*, 142 Va. 690, 128 S. E. 259; *Norfolk & P. Belt Line R. Co.* v. *Parker*, 152 Va. 484, 147 S. E. 461; *Gaines* v. *Campbell*, 159 Va. 504, 166 S. E. 704.

The defendants offered no evidence. It is of course true that a plaintiff must prove his case and that negligence is not to be presumed from the mere happening of an accident unless it is of such nature that the doctrine of *res ipsa loquitur* can be applied; until the plaintiff has made out a *prima facie* case a defendant is required to do nothing, but, when that has been done, his failure to produce evidence creates a presumption that, if produced, it would hurt his case. *Duke* v. *Luck*, 150 Va. 406, 143 S. E. 692.

In *Virginia Electric & Power Co.* v. *Vellines*, 162 Va. 671, 175 S. E. 35, 40, this court said:

"If, without more, two automobiles, traveling upon intersecting highways, were to run into each other at the point

of intersection, plainly there could be no recovery by either driver. The chance which each had to avoid the accident was common to both and of course to permit both of them to invoke the doctrine of the last clear chance would lead to impossible results."

This presumption of negligence in the instant case is strengthened by those statutory requirements governing road crossings cited *supra*. It follows that the jury had a right to believe that Brown's testimony then available would have strengthened the plaintiff's case.

Since Lee and Brown were both negligent and since the negligence of each was a proximate cause of an injury single and indivisible and since that negligence cannot be imputed to Parker, they were both liable. This liability was joint and several. Plaintiff's action might have been against both of them, but that was not necessary. He could, at his election, sue them jointly or severally.

"When the negligence of two or more persons concurs in producing a single indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concert of action." Headnote, *Walton, Witten & Graham* v. *Miller*, 109 Va. 210, 63 S. E. 458, 132 Am. St. Rep. 908; *Norfolk & P. Belt Line Railroad* v. *Parker*, 152 Va. 484, 147 S. E. 461; *Baise* v. *Warren*, 158 Va. 505, 164 S. E. 655.

It is contended that the recovery is excessive. There was a cut on Parker's knee, the whole kneecap was exposed. There was a cut on his forehead and a "fracture of the spinous process of the third cervical." Less technically expressed, his neck was broken. He suffered much and morphine had to be administered, and he has been able to follow no gainful calling since the accident. This contention is without merit.

There are objections to instructions, but these objections are covered by matters already considered.

Certain cross-errors have been assigned. We shall not undertake to discuss them, but content ourselves with saying that the statutory requirements for the making up of a record

are simple and should be followed, nor will skeleton bills of exception do.

For reasons stated, the judgment of the trial court must be affirmed, and it is so ordered.

*Affirmed.*