# Wytheville

CHARLES L. BROWN, ETC. V. GEORGE BRANCH.

IRENE BROWN V. GEORGE BRANCH.

June 10, 1940.

Record No. 2229.

Present, All the Justices.

The opinion states the case.

*Thomas A. Williams* and *L. C. O'Connor,* for the plaintiffs in error.

*Parrish, Butcher & Parrish, T. C. Gordon, Jr.,* and *Edward P. Simpkins, Jr.,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Charles L. Brown, nineteen years of age, while riding in a truck owned and operated by George Branch, was injured when the vehicle ran off the road into a ditch. Brown brought suit against Branch for damages for his injuries. Irene Brown, the mother of Charles L. Brown, brought suit against Branch to recover the medical expenses incurred by her as the result of her son's injuries. By agreement both suits were tried together. For convenience Charles L. Brown will be sometimes referred to as the plaintiff and George Branch as the defendant. The parties are negroes.

The plaintiffs in both suits claimed that Charles L. Brown was being carried in the truck as a "pay passenger," while the defendant contended that he was a gratuitous guest. At the conclusion of all of the evidence the court instructed the jury that the plaintiff was a gratuitous guest of the defendant and submitted to the jury whether the latter was guilty of gross negligence which caused the injuries complained of. In each of the cases the jury returned

a verdict for the defendant upon which the trial court entered judgment. The matter is before us on a writ of error granted the plaintiffs below.

The accident happened under these circumstances: Just outside of the limits of the city of Richmond is a negro community known as Woodville. Some time before the accident there was organized the Woodville Improvement League, a charitable organization operated without profit for the general welfare and betterment of the community. Among its activities was the operation of a Sunday school, of which the defendant, George Branch, was the superintendent.

The league officials decided to give the members of the Sunday school an outing on July 4, 1938. A committee composed of three women members of the league was appointed to make arrangements for the picnic, which was to be held at the Mosby place in Hanover county, some five miles from Woodville.

Three other members of the league, George Branch, Clarence Friend, and William Wall, all of whom had children in the Sunday school, offered the use of their trucks, free of charge, to transport the members and their guests to and from the picnic.

In order to finance the outing some members of the league had made small contributions. These were used by the committee to purchase food, which was prepared in the homes of the various members and taken to the picnic. George Branch and his wife made ice cream which was given to the league. Each member of the Sunday school was given his lunch free of charge. Those not members of the league or of the Sunday school, such as the plaintiff, were given free transportation to and from the picnic, but were required to pay for their food. The plaintiff spent approximately one dollar for his lunch. The amount derived from the sale of food, after deducting the cost thereof, was placed in the treasury of the league.

On the morning of the accident the truck of George Branch made two trips to the picnic grounds, taking the

guests, supplies and equipment. On both of these trips the plaintiff rode in the truck.

On the return trip after the picnic, the truck, driven by Branch, ran off the road into a ditch on the right-hand side, and the plaintiff was injured.

The principal assignment of error is that the court erred in instructing the jury that at the time of the accident the plaintiff was riding in the truck as the gratuitous guest of George Branch. It is conceded that the plaintiff made no direct payment to the defendant, or to any one else, for his transportation. But the contention is that Branch was the financial promoter of the picnic; that he had an interest in the proceeds derived from the sale of the food there; and that the plaintiff paid for his lunch which was indirectly for Branch's pecuniary benefit. Moreover, it is said, the plaintiff rendered services to Branch in assisting him in carrying the food and supplies. These circumstances, it is argued, made it a question for the jury as to whether the plaintiff was a passenger for a consideration or merely a gratuitous guest in the truck at the time of the accident.

First, it is said that previous to the picnic Branch told the members of the Sunday school, at various times, that if they would contribute to the Sunday school he would give them a picnic on the coming fourth of July.

While these solicitations and representations were made by Branch, it is clear that they were in his capacity as superintendent of the Sunday school and in connection with his duties as such. The undisputed evidence is that the Sunday school collections were paid into the Sunday school treasury, and that no part thereof was received by Branch, or was used directly or indirectly to finance the picnic. Furthermore, as has been stated, the plaintiff was not a member of the Sunday school and made no contribution thereto.

Next, it is said that the ice cream which was sold at the picnic was made in the Branch household, and that Branch told the plaintiff and the others who were not members of the Sunday school that they could not attend the picnic un-

less they bought and paid for their food and refreshments. Here the undisputed evidence is that the cream was merely a contribution which Branch and his wife made to the picnic. Other members of the committee prepared and furnished food and delicacies for the occasion. As has been stated, the proceeds derived from the sale of all of the food was paid into the treasury of the league and neither Branch nor his wife had any personal interest in the proceeds other than through their membership in the league.

We thus see that there is no evidence whatsoever to sustain the contention that Branch derived any financial benefit from the picnic or from the sale of any of the food there.

But the plaintiff further contends that he rendered certain services to the defendant in payment of his transportation to and from the picnic. He first says that he went in the truck with Branch's driver to South Richmond, at Branch's request, where they picked up some passengers and took them to the picnic. While Branch denies that this was done at his request, according to the plaintiff's own testimony the latter did nothing more than accompany the driver on this trip.

It is next said that the plaintiff assisted in unloading the truck at the picnic grounds, and that on the return trip he held the empty ice cream freezer at the defendant's request. These were but trivial courtesies such as a host might well expect of his guest on such an occasion. There is not the slightest evidence that they were intended to convert the relation of a gratuitous guest into that of a passenger for a consideration.

Therefore, since the evidence relied on fails to show that the defendant derived any pecuniary benefit from his transportation of the plaintiff, or from the latter's attendance at the picnic, and likewise fails to show the existence of any contractual relations between the parties, the lower court correctly held that the plaintiff was a gratuitous guest and not a passenger in the truck at the time of the accident. See *Gale* v. *Wilber,* 163 Va. 211, 217-219, 175 S. E. 739; *Brown* v. *Parker,* 167 Va. 286, 288, 289, 189 S. E. 339, 341.

The next assignment of error is that the court erred in not setting aside the verdict of the jury in each case on the ground that it was contrary to the law and the evidence. Here the contention is that the evidence shows as a matter of law that the defendant was guilty of gross negligence.

The testimony on behalf of the plaintiff tended to show that due to a defect, which was known to the defendant, the truck would not remain in high gear unless the lever were held in place; that while the truck was proceeding at a speed of about 25 miles per hour, the defendant attempted to place an object under the gear lever; and that in doing so he took his eyes off the road momentarily, as the result of which the truck ran off the road and into the ditch, causing the plaintiff's injuries.

While the defendant admitted that the gear shift was defective, he claimed that the lever was held in place by an attachment which he had placed on the dashboard. He denied that the accident was in any way due to the defective gear shift or his attempt to correct it. On the contrary, he said that as he approached a left-hand curve on a slight downgrade the steering gear locked, making it impossible for him to take the turn and caused the truck to run off the road on the right-hand side. He also testified that immediately after the accident an examination disclosed that the locking of the steering gear was caused by the sudden loosening of a bolt, that this was corrected at the scene of the accident and the truck driven away under its own power. There was other testimony tending to corroborate the defendant's story.

Whether the jury accepted the plaintiff's story or that of the defendant, we do not know, but under either version of the accident we think it was at most a question for the jury as to whether the defendant was guilty of gross negligence. The trial court was correct, therefore, in not setting aside the verdicts of the jury in the two cases.

The judgments complained of are

*Affirmed.*