# 𝕾taunton

## RICHARD E. MILLER v. LEONARD ELLIS.

September 8, 1948.

Record No. 3359.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

*Warren M. Shaw*, for the plaintiff in error.

*C. P. Kearfott* and *C. M. Bradley,* for the defendant in error.

MILLER, J., delivered the opinion of the court.

This action was instituted by Richard E. Miller, hereinafter called plaintiff, against Leonard Ellis, hereinafter called defendant, to recover damages for personal injuries sustained by plaintiff while riding in a truck owned and operated by defendant.

Upon the trial, a verdict was returned for the plaintiff in the sum of $5,000. It was set aside by the trial court as contrary to law and without evidence to support it.

The sole assignment of error is the action of the court in setting aside the verdict and rendering judgment for defendant.

We are of opinion that the evidence is sufficient to sustain a finding that defendant was guilty of ordinary negligence which caused the plaintiff's injuries. It is, however, clear that gross negligence, which must be proved to support a recovery by a mere guest against his host, has not been established. *Boggs* v. *Plybon,* 157 Va. 30, 160 S. E. 77; *Austin* v. *Austin,* 186 Va. 382, 43 S. E. (2d) 31; *Hill* v. *Bradley,* 186 Va. 394, 43 S. E. (2d) 29, and sec. 2154 (232) Code of Virginia, 1942 (Michie).

The question to be decided is: Did plaintiff occupy the status of a mere guest while riding in defendant's truck or was it such as to render defendant liable for failure to exercise ordinary care.

The facts and circumstances leading up to and obtaining at the time of the accident will be carefully considered and appraised to ascertain the relationship existing between the parties.

Briefly stated, in the light most favorable to plaintiff, they are as follows:

The plaintiff, defendant, and one Justin A. Kelly, all residents of Martinsville, Virginia, were friends. Defendant was the owner of a truck which he used in his work as a

carpenter. He did not have a certificate or permit allowing the transportation of passengers or goods for compensation, and there is no evidence that he had previously used his truck for either purpose.

On Friday, October 11, 1946, while in the presence of each other, a conversation arose between these parties relative to moving a stove owned by Kelly to some location in Martinsville. Defendant, who had a holiday on Saturday, volunteered to transport it in his truck. Plaintiff had some personal effects consisting primarily of plumbing equipment which he desired to have moved from town to his new home a short distance out in the country. Some discussion then took place and defendant also offered to transport the plumbing equipment, etc., for plaintiff if he would help move Kelly's stove.

Plaintiff says that defendant's statement at that time was: "I have got to move a stove for Mr. Kelly early in the morning and if you will help me to move this stove then I will help you to move your furniture and your building material."

In pursuance of this conversation, defendant and Kelly drove toward Miller's house on Saturday morning and when nearly there, met him and the three then went to defendant's home. When they arrived there, plaintiff and Kelly accepted defendant's hospitality and partook of a drink of whiskey. From there they drove in defendant's truck, secured Kelly's stove and moved it to another place in town. Then then went back to defendant's home, took another drink, proceeded thence to plaintiff's house, loaded his plumbing equipment, etc., and then returned to defendant's home and partook of further refreshments.

It appears evident that no compensation was expected by defendant for his help and assistance to either Kelly or plaintiff. However, after the stove had been moved, Kelly offered to pay defendant. This offer was made in the presence of plaintiff but defendant declined to accept any compensation. At no time did plaintiff make such an offer.

They departed from defendant's home on this last oc-

casion with the intention of driving to plaintiff's new residence outside of Martinsville and there unload his effects. Plaintiff took his place in the rear of the truck where the goods were located. After proceeding several blocks at a moderate rate of speed and while making a right turn at an intersection, the truck struck the curb or an elevated part of the property line adjoining the street whereupon plaintiff and the plumbing equipment were thrown to the street and his injuries thereby sustained.

The evidence conclusively discloses that defendant did not have the legal right to use his truck for hire or to transport passengers for consideration. To do so would have been a violation of the statute. He received no compensation from Kelly and declined its offer in the presence of Miller. Defendant's testimony was definitely to the effect that the use of his truck and what he did was wholly gratuitous and done because of his friendship for the two parties. In this connection, he said that he was moving Kelly's stove "as an accommodation." He further testified with regard to moving plaintiff's equipment as follows:

"Q. You were doing this solely for Mr. Miller?

"A. As a friend, absolutely."

There is no claim made by plaintiff that he intended to pay defendant for the use of his truck or for his personal assistance. The entire transaction bears every appearance and color of being merely neighborly acts among three friends.

Plaintiff, however, contends that the offer made by the defendant to move plaintiff's effects if he, plaintiff, would help move Kelly's stove constituted a contract and established a business relation between them.

The insufficiency of these circumstances to establish a contract of hire or a relation giving to plaintiff a status other than that of a mere guest is obvious. No benefit, pecuniary or otherwise, inured to the defendant out of any part of the entire transaction. His undertaking to assist both Kelly and Miller in what each wished to accomplish was solely voluntary and without consideration. At most

his request to Miller for his help in moving Kelly's stove was a mere condition on which he, defendant, offered his personal help and truck to move plaintiff's effects. 1 Williston on Contracts, Revised Edition, sec. 112, pp. 378-383.

Plaintiff insists that the case of *Garrett* v. *Hammack*, 162 Va. 42, 173 S. E. 535, in which the court concluded that the evidence was sufficient to sustain a finding that the plaintiff was a passenger and not a mere guest is authority for his contention that he was not a mere guest and that defendant owed him the duty of exercising ordinary care. There plaintiff was injured while riding in the automobile of defendant. The facts are, however, readily distinguishable from these here presented. They clearly appear from the opinion as recited at 162 Va. on page 45:

"Q. How long did you live with Mr. Garrett?

"A. Going on four weeks; it was three weeks on Saturday and we were hurt on Tuesday.

"Q. Were you employed by anyone, if so, under what conditions and terms?

"A. Well, my sister-in-law and I had a little argument and Mrs. Garrett was very glad to have me, and of course, I went out there. I didn't ask for any salary but she gave me three dollars a week, meals, room and transportation.

"Q. What did you do?

"A. Just helped around the store.

"Q. Mr. Garrett has two stores, I believe?

"A. Yes, sir.

"Q. This particular morning you were coming in to your employment at the store?

"A. Yes.

"Q. In an automobile driven by Mr. Garrett?

"A. Yes.

"Q. That was the usual way that you came into town?

"A. Yes."

The defendant, in testifying, denied plaintiff was in his employ, but admitted giving her three dollars a week for services performed in his home and store and that she was being transported to the store when injured.

The court concluded that these facts and circumstances warranted a finding that plaintiff was a passenger and not merely a guest.

The facts presented in *Brown* v. *Branch*, 175 Va. 382, 9 S. E. (2d) 285, are more directly in point and there we decided that the plaintiff was a gratuitous guest who could recover on nothing less than proof of gross negligence. Defendant was superintendent of a Sunday school and a member of a league interested in the school. He offered the use of his truck free of charge to transport members and their guests to and from a picnic given by the league for such school. He and his wife made ice cream which they donated for the entertainment. Members of the school received their lunch free of charge. Nonmembers, such as plaintiff, were given free transportation to and from the picnic grounds but paid for their food and plaintiff spent about a dollar for his lunch. Funds received from sale of food, after deducting its cost, went to the treasury of the league.

On the morning of the accident, the truck belonging to defendant made two trips to the picnic grounds, taking guests, supplies and equipment. On both of these trips the plaintiff rode in the truck. On the return trip after the picnic, the truck, driven by defendant, ran off the road into a ditch on the right-hand side, and the plaintiff was injured.

It also appeared that the plaintiff helped in unloading the truck at the picnic grounds, and on the return trip, at the request of the defendant, held an empty ice cream freezer then in the truck. In commenting upon these facts and the help and assistance that had been rendered by plaintiff to defendant, the court said in 175 Va. at page 386:

"These were but trivial courtesies such as a host might well expect of his guest on such an occasion. There is not the slightest evidence that they were intended to convert the relation of a gratuitous guest into that of a passenger for a consideration.

"Therefore, since the evidence relied on fails to show that the defendant derived any pecuniary benefit from his

transportation of the plaintiff, or from the latter's attendance at the picnic, and likewise fails to show the existence of any contractual relations between the parties, the lower court correctly held that the plaintiff was a gratuitous guest and not a passenger in the truck at the time of the accident."

A discussion of the Virginia cases upon the immediate question is undertaken in *Mayer* v. *Puryear*, 115 F. (2d) 675, and the decisions of *Garrett* v. *Hammack, supra,* and *Brown* v. *Branch, supra,* are considered. In speaking of the minor benefit derived by the owner and operator of a vehicle when a guest undertakes to drive upon the host's request, it is said in 115 F. (2d) at page 680: "Such benefit would be too trivial or inconsequential to change the relationship of the parties." See also, *Hale* v. *Hale*, 219 N. C. 191, 13 S. E. (2d) 221, which construes section 2154 (232) Code of Virginia, 1942, (Michie); *Te Selle* v. *Terpstra*, 180 Wash. 73, 38 P. (2d) 379; *Gale* v. *Wilber*, 163 Va. 211, 175 S. E. 739, and *Jacobson* v. *Stone*, 277 Mass. 323, 178 N. E. 636.

The relationship between the parties, their conduct and conviviality before and during the entire transaction, and the offer by the defendant to render neighborly assistance without expectation of personal benefit or compensation conclusively establish the non-contractual nature of their relation. That plaintiff was accepting a gratuity and riding as a mere guest is a matter on which fair-minded men cannot differ.

Defendant's transportation of plaintiff and the entire transaction from its inception until its unfortunate termination is barren of all facts and circumstances of a business character incident to a contractual relation. It is also lacking in those mutual benefits to both plaintiff and defendant made requisite by sec. 2154 (232) of the Code and the decisions of this court to remove the plaintiff from the status of a mere guest.

For the foregoing reasons, we conclude that the judgment of the trial court is correct, and it is accordingly affirmed.

*Affirmed.*