KATHERINE M. DAVIS v. LILLIE WILLIAMS

January 26, 1953.

Record No. 4025.

Present, Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Louis B. Fine, Howard I. Legum,* for plaintiff in error.

*White, Ryan & Holland,* for defendant in error.

WHITTLE, J., delivered the opinion of the court.

Katherine M. Davis sued Lillie Williams in the Circuit Court of the City of Norfolk for personal injuries received in

an automobile accident which occurred on April 5, 1951. The automobile in which the plaintiff was riding was owned and operated at the time of the accident by the defendant.

The motion for judgment alleged that the plaintiff was riding as a paying passenger; that the car was being operated by defendant in a grossly negligent and reckless manner, with the result that the defendant lost control of the vehicle, which crashed into a tree; and that plaintiff was thereby severely and permanently injured.

The grounds of defense denied that the plaintiff was a paying passenger, or that defendant was operating her car in a negligent or grossly negligent manner.

The court, after hearing evidence on the status of the parties, ruled: "The plaintiff has not shown that she was a paying * * * passenger as alleged, and if she is to recover in this case, she recovers only * * * as a guest who is required to show gross negligence on the part of the defendant." To this ruling plaintiff excepted.

At the conclusion of the testimony the defendant moved the court to strike the evidence on the ground that, as a matter of law, gross negligence had not been proven. The court sustained the motion over the objection of the plaintiff and accordingly the jury returned a verdict in favor of the defendant. The plaintiff's motion to set aside the verdict was overruled and judgment entered thereon. Plaintiff excepted to this action of the court, and we granted her an appeal.

Three assignments of error are listed which pose two questions:

"1. Was the plaintiff a guest without payment for transportation as a matter of law?", and

"2. If the plaintiff was a guest without payment for transportation, was the defendant as a matter of law not guilty of gross negligence?"

As to the first question, the evidence disclosed that the plaintiff and defendant were school teachers in Norfolk. Defendant owned an automobile which she used for transportation to and from school. She invited several teachers to ride with her, one of them being the plaintiff who rode with defendant for more than two years.

Defendant did not request the teachers to pay for the transportation. After plaintiff had ridden with defendant on several

occasions she volunteered to pay the equivalent of the bus fare, $1.20 per week. It is admitted that this sum, which was paid regularly for a year or more immediately prior to the accident, was not demanded by the defendant.

On direct examination plaintiff was asked:

"Q. Did you frequently ride in the automobile of Miss Lillie Williams?

"A. I did.

"Q. What arrangements, if any, did you have with her about your riding?

"A. Well, I paid her $1.20 a week for my ride.

"Q. And when did you pay her the $1.20 a week?

"A. Well, every Friday.

"Q. Every Friday?

"A. Yes, sir.

"Q. And how did you pay her? In cash or—

"A. Yes in cash."

On cross-examination plaintiff testified:

"Q. Now, you rode with Miss Williams for over two years?

"A. That is right.

"Q. And during that period, you had paid her for the transportation?

"A. That is right.

"Q. None of the other ladies paid her anything, did they?

"A. I do not know. I can't speak for them.

"Q. Did Miss Williams insist time and time again that you not pay her, that she didn't want the money?

"A. No, sir, she didn't. She—she didn't ask me for the money and she didn't tell me she would pay me, but she didn't refuse it, either.

"Q. How did it come up that you would pay her? How did the subject come up?

"A. Well, she stopped along a couple of times and asked me to ride with her that I did not pay. So she knew I was riding the bus so she said 'Ride with me'. So I said 'I will just pay you the bus fare'.

"Q. Did she tell you she didn't want anything?

"A. No, she didn't; no, sir.

"Q. Did she time and again tell you she didn't want you to pay her and if you didn't pay her she would ride you for nothing?

"A. No, sir, she did not.

"Q. Wouldn't she have ridden you if you hadn't paid her?

"A. I suppose she wouldn't if I hadn't paid her.

"Q. It wasn't any contract there?

"A. No.

"Q. You didn't have to pay her, did you?

"A. No, I didn't have to pay her but I did pay her and she accepted it."

By the Court:

"Q. Do you reckon she would. have come by and picked you up whether you paid her or not?

"A. Well, I don't know. I don't believe she would, no, sir."

By Mr. Ryan:

"Q. Why?

"A. Because she had only taken me home when it rained."

On re-direct examination she said:

"Q. I want to ask you, Mrs. Davis, in connection with your paying this $1.20 a week to the defendant, Miss Williams. When you paid her the $1.20 a week, that was for what purpose?

"A. Well, she taken the money when she started taking me home. She started taking me home and then she taken the money.

"Q. Prior to that, did she take you home?

"A. No sir.

"Q. When you gave her the $1.20, she took you home?

"A. Yes, sir.

"Q. Was that the arrangement or not?

"A. Yes, sir."

Code 1950, § 8-646.1, the Virginia guest statute, provides, *inter alia*: "No person transported by the owner or operator of any motor vehicle as a guest *without payment for such transportation* * * * shall be entitled to recover damages against such owner or operator * * * for * * * injuries to * * * such guest resulting from the operation of such motor vehicle, unless such * * * injury was caused or resulted from the gross negligence or willful and wanton disregard of the safety of the person * * * being so transported on the part of such owner or operator." (Italics supplied)

This section was enacted in 1938, after the decision in *Boggs* v. *Plybon*, (1931), 157 Va. 30, 160 S. E. 77, in which case Justice Holt, speaking for the court, said:

"To hold that a guest who, for his own pleasure, is driving with his host may recover from him for injuries suffered where there is no culpable negligence, shocks one's sense of justice * * *." (157 Va., at page 39)

In construing § 8-646.1, our court has generally subscribed to the rule stated in 2 Restatement of Torts, section 490, page 1273, that a passenger is one carried for hire or reward, as distinguished from a guest who is carried with no financial return except such benefits as are a part of ordinary courtesy.

Thus in *Brown* v. *Branch,* 175 Va. 382, 9 S. E. 2d 285, decided in 1940, it was disclosed that the defendant, a Sunday school superintendent, gave free transportation to plaintiff and others to a picnic, requiring them to pay for their food; that plaintiff helped in picking up Sunday school members and in transporting refreshments at the request of defendant. There, Mr. Justice Eggleston, speaking for the court, said:

"These were but trivial courtesies such as a host might well expect of his guest on such an occasion. There is not the slightest evidence that they were intended to convert the relation of a gratuitous guest into that of a passenger for a consideration.

"Therefore, since the evidence relied on fails to show that the defendant derived any pecuniary benefit from his transportation of the plaintiff, or from the latter's attendance at the picnic, and likewise fails to show the existence of any contractual relations between the parties, the lower court correctly held that the plaintiff was a gratuitous guest and not a passenger in the truck at the time of the accident." (Citing *Gale* v. *Wilber,* 163 Va. 211, 217-219, 175 S. E. 739; *Brown* v. *Parker,* 167 Va. 286, 288, 289, 189 S. E. 339, 341.)

In *Miller* v. *Ellis,* (1948), 188 Va. 207, 208, 49 S. E. 2d 273, the facts were somewhat similar to those in the case of *Brown* v. *Branch, supra.* The plaintiff performed services beneficial to the owner and operator of the truck which were merely incident to or a result of the transportation. It was held that such was not sufficient to satisfy the statutory requirement of payment, it being necessary that the parties should have regarded the services performed as compensation for the transportation, or that the offer or transportation be made in contemplation of the services. (Citing *Brown* v. *Branch, supra; Hale* v. *Hale,* 219 N. C. 191, 13 S. E. 2d 221; *Te Selle* v. *Terpstra,* 180 Wash.

73, 38 P. 2d 379; *Jacobson* v. *Stone,* 277 Mass. 323, 178 N. E. 636; *Mayer* v. *Puryear,* (C. C. A. 4th, 1940), 115 F. 2d 675.)

Several courts outside of Virginia have had our guest statute under consideration. In *Bushouse* v. *Brom,* (1941), 297 Mich. 616, 298 N. W. 303, the plaintiff, who, after being invited to accompany the defendant on an automobile trip, stated that she would pay half of the expenses, was held to be a guest within the terms of our statute and Michigan's similar statute. The court said that as it did not appear that the plaintiff entered upon the trip under an express legal obligation to pay a fixed portion of the expenses, she did not become a "paying" passenger. (See to the same effect, *Hale* v. *Hale, supra,* (N. C.), where the Virginia statute was applied.)

Apparently there is little disagreement among the decisions on the general principles governing the determination of guest status under the statutes of the various states wherein such statutes have been adopted. Concurrence is general that an incidental benefit resulting to the defendant from the transportation is not sufficient to enlarge the liability from guest to passenger. The benefit to the defendant must be a consideration for the transportation. More than an incidental benefit must have induced the defendant to extend the ride. 10 A. L. R. 2d 1354. The benefits, in short, must be more than gratuitous gestures of reciprocal hospitality, or social amenities, extended without thought of bargaining for the transportation. *Mayer* v. *Puryear, supra.*

In the instant case, however, much more does appear. It is conceded that the plaintiff paid the defendant $1.20 per week for at least one year; that the payment was made regularly on Friday of each week; that the amount was based upon the bus fare which plaintiff would have been required to pay had she ridden the bus; and while the defendant did not request the payment of this sum, she completely acquiesced in this constant arrangement by accepting each payment as tendered.

In the evidence on the question at issue no conflict appears, and we must hold, as a matter of law, that the plaintiff is not "a guest without payment," as contemplated in § 8-646.1. The conduct of the parties, under the facts and circumstances of this case, prevents our reaching any other conclusion.

In view of the conclusion here reached it is not necessary for us to consider the other assignments of error.

For the reasons stated, the judgment is reversed and the case remanded for a new trial upon the principle that the plaintiff was a (paying) passenger in the defendant's car. The question as to whether or not the defendant was guilty of ordinary negligence is to be submitted to the jury under proper instructions.

*Reversed and remanded.*