# Richmond

ANNA JONES BERNARD v. FLORENCE D. BOHANAN, ET AL.

March 5, 1962.

Record No. 5394.

Present, Spratley, Buchanan, Whittle, Snead and Carrico, JJ.

*E. Ralph James* and *R. V. Richardson* (*Vernon M. Geddy, Jr.;
James, Richardson & James*, on brief), for the plaintiff in error.

*Herman T. Benn* (*Max L. Kantrowitz*, on brief), for the defendants
in error.

SNEAD, J., delivered the opinion of the court.

This appeal resulted from a judgment entered on a jury verdict

in the sum of $20,000 for personal injuries in favor of Florence D. Bohanan, appellee, against Anna Jones Bernard, appellant, the owner and operator of a vehicle in which Florence D. Bohanan was riding when it collided with an automobile owned by Waverly S. Davis and driven by his son, Charles A. Davis.

Florence D. Bohanan's action was instituted against Anna Jones Bernard, Charles A. Davis and Waverly S. Davis. She alleged both gross and simple negligence on the part of all defendants. At the conclusion of plaintiff's evidence, counsel for plaintiff discovered that Charles A. Davis was an infant and that no *guardian ad litem* had been appointed to defend him. Whereupon plaintiff's motion to non-suit this defendant was granted. At the same time defendants' motions to strike plaintiff's evidence were overruled.

At the conclusion of all the evidence the court held that plaintiff was a passenger and not a guest in defendant Bernard's car and thus the principles of ordinary negligence would apply. It further held that there was no contributory negligence on the part of plaintiff. Instructions were given and refused based on these rulings. The jury found for defendant Waverly S. Davis[1] and against Anna Jones Bernard. We granted Anna Jones Bernard a writ of error.

The litigants, Florence D. Bohanan and Anna Jones Bernard, will be referred to as plaintiff and defendant respectively in accordance with the positions they occupied in the court below.

Defendant's assignments of error present two basic questions for our determination. First, whether plaintiff was a passenger, as a matter of law, in defendant's vehicle, and second, whether, as a matter of law, plaintiff was free of contributory negligence. The giving and refusing of certain instructions assigned as error relate to these questions.

Plaintiff and defendant were retired school teachers and friends of long standing. In January 1960, plaintiff and defendant planned a trip during March to Williamsburg to attend a "gardening symposium". Before they left New York City, where plaintiff resided, each party contributed $5 to a "kitty" to pay the expense of operating defendant's car on the trip. The fund was replenished whenever needed by equal contributions.

After spending about a week in Williamsburg, the litigants departed on the morning of April 2. Their plan was to proceed to Charlottesville by way of Richmond as defendant wanted to see a friend there before returning to New York. Defendant was driving

---

[1] On motion of the parties, by counsel, Waverly S. Davis was dismissed as a party-appellee by order of this court entered January 15, 1962.

and plaintiff was on the front seat beside her. When they had driven about 15 miles from Williamsburg on Route 60, at approximately 12:30 p. m. they approached Anderson's Corner, a point where Route 168Y, Route 30 and Route 60 intersect. Here Route 60 turns left or westerly and continues toward Richmond and is a four-lane highway. The eastbound and westbound lanes are divided by a wide grass island. Proceeding eastwardly at the intersection the four-lane highway is designated as 168Y. Route 30 intersects from a northerly direction. South of Anderson's Corner on Route 60 there is a warning sign with "Stop Ahead" printed on it. Closer to the intersection "Stop" is painted on the highway, and at the intersection there is a "Stop" sign. In the middle of the intersection there is a hanging signal light which flashes red to traffic entering the intersection from the south on Route 60 and from the north on Route 30. It flashes amber for traffic proceeding east and west on the four-lane highway.

The Davis car was proceeding east on Route 60 and the right front of his vehicle struck the left front of defendant's car as it entered the intersection. According to the State trooper, neither automobile laid down skid marks and the cars collided in the middle of the eastbound travel lane about 6 feet from the south edge of Route 60. There were no defects in the road and it was dry.

Vincent D. McManus, a civil engineer, testified visibility at the intersection was good for both drivers at least 300 feet.

Charles A. Davis stated that there was a car about 3 car lengths ahead of him which turned right on Route 60, the direction from which defendant came; he was traveling about 40 miles per hour and was 30 feet from defendant's car when it "pulled" into the intersection; that he turned his wheels to the left and attempted to apply his brakes, and that the vehicles collided in the center of the eastbound lane.

Defendant testified that she saw the stop sign, obeyed it, read the directional signs, looked and did not see any traffic approaching, and "slid right on out" into the eastbound lane of Route 60; that to her "horror" she saw the Davis car "bearing down" on her; that she "exclaimed", and that the Davis car struck her before she "could do anything about it."

Plaintiff testified that she did not see any of the signs; that defendant did not stop her automobile before entering the intersection, and that she first saw the Davis car when defendant exclaimed "Ugh".

The State trooper quoted defendant as saying at the scene: " 'I slowed down for the intersection, hesitated. I would say that I

stopped, pulled out and didn't see the car until it was right on me.' "

We shall discuss first the question of whether plaintiff was a passenger, as a matter of law, while riding in defendant's automobile. Defendant contends that plaintiff was a guest and that the principles of gross negligence are applicable.

Section 8-646.1, 1957 Replacement Vol. 2, Code 1950, provides:

"No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation * * * shall be entitled to recover damages against such owner or operator for death or injuries * * * unless such death or injury was caused or resulted from the gross negligence * * * of such owner or operator."

The question arises as to whether "payment", within the meaning of the statute, was made by plaintiff which would place her in the status of a passenger rather than a guest, and thus enlarge defendant's liability to her.

The recent case of *Gammon* v. *Hyde*, 199 Va. 918, 103 S. E. 2d 221, is somewhat similar to the present case. There each of the passengers, except Gammon's wife, before leaving Richmond made a contribution of $50 to Gammon to defray in part the expense of operating his automobile on a trip to Iowa. The contribution was entirely voluntary as there was no requirement by Gammon or specific agreement between him and the occupants of the car that such a contribution be made. The plaintiff, Mrs. Hyde, said the contribution was for her transportation, and another passenger said the contribution was approximately the cost of a bus ticket for the trip. There was evidence showing that plaintiff and other passengers on similar occasions had made contributions to Gammon for transportation. We held that the plaintiff was not "a guest without payment" for such transportation within the meaning of the statute, and that she was a paying passenger.

For a further discussion of the guest statute, see *Richardson* v. *Charles*, 201 Va. 426, 111 S. E. 2d 401; *Davis* v. *Williams*, 194 Va. 541, 74 S. E. 2d 58.

In the present case, the record shows that prior to leaving New York City for Williamsburg the litigants agreed to and did form a "kitty" to defray the expense of operating defendant's automobile; that each party made an initial contribution of $5 to it; that the fund was deposited in a separate pocket book which defendant brought with her for the purpose; that additional funds when needed were added by equal contributions; that the "kitty" was in defendant's possession at all times, and that defendant selected the routes of travel.

The record further shows that on a trip to Florida in 1959, the litigants and a third person shared defendant's automobile expenses equally, and that she always expected those who accompanied her on such trips to contribute to the automobile expenses. The benefit defendant received amounted to more than gratuitous gestures or social amenities. It was a consideration for the transportation. Under these circumstances, the trial court properly held, as a matter of law, that plaintiff was not "a guest without payment" for her transportation within the meaning of the statute. She was a paying passenger and the principles of ordinary negligence applied.

Instruction No. C, as originally submitted by defendant, was properly refused, because it would have told the jury that before plaintiff could recover she must prove by a preponderance of the evidence that defendant was guilty of gross negligence. Instruction No. D. was likewise properly refused. It would have defined gross negligence when such negligence was not involved in the case.

We turn next to a consideration of whether the court was correct in holding, as a matter of law, that plaintiff was free of negligence.

Plaintiff testified that she did not see the road signs or observe the approaching Davis car until it was right upon defendant's vehicle, and that defendant did not stop her car at the intersection, but entered it "fast". Defendant contends that it was plaintiff's duty to observe and warn her of impending danger, and that her failure to exercise reasonable care for her own safety constituted contributory negligence on her part.

In *Mize* v. *Gardner Motor Co.*, 166 Va. 415, 419, 420, 186 S. E. 108, we stated:

"The difference in the duty of a passenger and that of a driver arises by reason of the fact that the driver has physical control of the car. Ordinarily the passenger has no duty to direct and control the driver unless it is obvious that the driver is taking no precautions for their safety. If there is no apparent danger in the manner in which the driver is operating the car the passenger is not required to interfere." See *Yellow Cab Co.* v. *Eden*, 178 Va. 325, 337, 16 S. E. 2d 625; 2 M. J., Automobiles, § 39, p. 493.

According to defendant, she stopped her vehicle at the intersection, looked and did not see any traffic approaching and "slid right on out" into the eastbound lane of Route 60, where the collision occurred. Plaintiff denied that she stopped. In either event there has been no showing that defendant was not cautious up to that moment or that

anything happened on the trip to indicate that defendant was not a careful and prudent driver, or to cause plaintiff to anticipate that defendant would suddenly abandon caution. There has been no showing that it was obvious that defendant was not taking precautions for their safety in time for plaintiff to warn or interfere. Thus we hold that the court properly ruled, as a matter of law, that plaintiff was free of contributory negligence.

Instruction No. 4 was a finding instruction. It was objected and excepted to on the ground that it failed to include contributory negligence. Defendant also excepted to the refusal of the court to grant Instruction No. E. It was a contributory negligence instruction which incorrectly stated the principle of law. It provided: "* * * If, from her position on the front seat of the defendant's car, the plaintiff had equal opportunity as the defendant to observe the dangers, then it was her duty to do so and warn the defendant, and if she failed to do so, she was guilty of contributory negligence and cannot recover * * *." There is no positive duty on the passenger to warn unless it is obvious that the driver is not taking account of the danger ahead. Aside from this fact defendant was not entitled to a contributory negligence instruction, and reference to contributory negligence in Instruction No. 4 was properly excluded since, as a matter of law, plaintiff was free of contributory negligence.

For the reasons stated, the judgment appealed from is

*Affirmed.*