# Richmond

MARGARET D. GILLILAND, AN INFANT v. JOYCE L. SINGLETON.

March 4, 1963.

Record No. 5534.

Present, All the Justices.

The opinion states the case.

*William W. Sweeney* and *S. J. Thompson, Jr.* (*Caskie, Frost, Davidson and Watts,* on brief), for the plaintiff in error.

*J. Murrell Daniel* (*L. R. Thompson,* on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is a suit filed by Joyce L. Singleton against Margaret D. Gilliland, seeking to recover damages for personal injuries sustained in an accident while riding in an automobile owned and operated by Mrs. Gilliland.

The motion for judgment contained allegations of both ordinary and gross negligence. It was the contention of the plaintiff that she was not a "guest without payment" within the meaning of the Virginia guest statute, Code,. § 8-646.1, and therefore she need prove only ordinary negligence on the part of the defendant.

At the conclusion of all the evidence counsel for the defendant moved to strike plaintiff's evidence on the following grounds: (1) That the plaintiff was a "guest without payment" within the meaning of the guest statute and that there was no evidence of gross negligence on the part of the defendant; (2) Assuming that plaintiff was not a "guest without payment", there was no evidence of ordinary negligence on the part of the defendant.

The court ruled as a matter of law there was no evidence of gross negligence and that the plaintiff was not a "guest without payment", therefore plaintiff need only prove ordinary negligence. The court further ruled that there was sufficient evidence of ordinary negligence for the question to be submitted to the jury.

The court refused to instruct the jury regarding contributory

negligence on the part of the plaintiff, to which ruling the defendant excepted.

Prior to the submission of the case to the jury the defendant objected to the pleadings being sent into the jury room, which objection was overruled, and the jury were permitted to take the pleadings to their room.

The case was submitted to the jury on the question of ordinary negligence on the part of the defendant. The jury returned a verdict in favor of the plaintiff for $7,500, on which judgment was entered over the objection and exception of the defendant. We granted the defendant a writ of error.

The record discloses that the accident occurred on the 30th day of December, 1960, at approximately 7:20 a.m. Mrs. Singleton the plaintiff, Edith Gilliland, and the defendant Margaret D. Gilliland, lived near Naruna and were employees of the General Electric Company in the City of Lynchburg some 25 miles from their homes.

The plaintiff was riding in the rear seat of the automobile, and Edith Gilliland was riding in the front seat with the defendant. The parties were traveling north on U.S. Highway 501. Near the scene of the accident the road rises to the crest of a hill beyond which there is a long downgrade. The accident occurred when the defendant drove her car over the crest of the hill and skidded on ice, at which time the car went out of control, turning over on the right side of the road about 250 yards from the crest.

There was evidence to the effect that there were some icy spots on the road over which the parties had travelled from their homes to the scene of the accident, and there was evidence that some distance before the accident occurred the car in which the parties were riding slipped on ice and the plaintiff informed the defendant of this fact.

There was also evidence that on the night before the accident the parties had discussed the possibility that there might be ice on the road the next morning and suggested leaving earlier in order that they might get to work on time; that the defendant drove her car over the crest of the hill at a speed of 55 miles per hour. When she hit the ice she applied her brake and skidded approximately 250 yards down the hill until the car overturned and wrecked; that during the skidding the defendant was advised to take her foot off the brake but did not do so; that other cars travelled over this portion of the highway at approximately the same time without incident both before and after the accident.

There are five assignments of error which, according to the defendant, resolve themselves into four questions for decision. These will be treated in the order presented. The first question is:

"(1) Whether the court was correct in ruling as a matter of law that the plaintiff was not a 'guest without payment' within the meaning of the Virginia guest statute (Section 8-646.1 of the Code of Virginia) and that the plaintiff need prove only ordinary negligence on the defendant's part to recover."

Section 8-646.1, 1957 Replacement Volume, Code, 1950, provides in part:

"No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation * * * shall be entitled to recover damages against such owner or operator for death or injuries * * * unless such death or injury was caused or resulted from the gross negligence * * * of such owner or operator."

It is disclosed that the three ladies in the automobile had entered into a "car pool" arrangement whereby each would furnish transportation alternately for a week at a time. There is no dispute as to the business relationship between the parties, nor is there doubt that by the arrangement they were thus compensated in a substantial business sense. This being true, the court properly ruled as a matter of law the plaintiff was not a "guest without payment" within the meaning of the statute.

While the statute employs the word "payment", we have said that payment for transportation need not be made in money; that it is sufficient that the owner or operator is compensated in a substantial business sense as distinguished from mere social benefits or nominal or incidental contribution to expenses. *Richardson* v. *Charles*, 201 Va. 426, 429, 111 S. E. 2d 401, 403.

It is not necessary that the operator of the vehicle receive actual cash in return for the transportation supplied. Services or other benefits given by the occupant if regarded by the parties as consideration inducing the transportation may be sufficient to entitle the occupant to the status of a paying passenger, as distinguished from a guest passenger. *Davis* v. *Williams*, 194 Va. 541, 546, 74 S. E. 2d 58, 61; *Hill Hardware Corp.* v. *Hesson*, 198 Va. 425, 429, 94 S. E. 2d 256, 259; *Bernard* v. *Bohanan*, 203 Va. 372, 375, 124 S. E. 2d 191, 194.

We hold, as did the court below, that there was no conflict in the evidence with regard to the business relationship between the litigants. This being so, it was incumbent upon the trial court to

rule as a matter of law upon the plaintiff's status. *Davis* v. *Williams, supra.*

■ The next question, says the defendant, is:

"(2)  Whether there was sufficient evidence of negligence on the part of the defendant to send the question to the jury."

The test here to be applied is that of ordinary care under the circumstances, and the determination of what care a reasonably prudent person would use under like circumstances is peculiarly for the jury. *Brann* v. *F. W. Woolworth Co.*, 181 Va. 213, 219, 24 S. E. 2d 424, 426.

Several witnesses testifying for the plaintiff stated that the road was wet and slippery and there was ice at numerous points along the highway between Naruna and the point of accident. Plaintiff testified that the car first slid as they were coming up a steep hill; that she was sitting in the right rear seat and felt the back wheels slide; that she asked the defendant if she could see any ice on the road and the defendant said "no, she couldn't see any." Plaintiff said, "I told her I felt the car slip;" that she was then driving at about 65 miles per hour and slowed down to the legal speed of approximately 55 miles per hour.

Plaintiff further testified that on the day prior to the accident it was raining when they left their work and a remark was made to the defendant that if it started freezing during the night "we should leave by at least 6:30 in the morning to give us plenty of time to get to work, and both agreed with me;" that it was cold when they left their homes on the day of the accident, and just as they came over the crest of the hill where the accident occurred she estimated the speed of the vehicle to be around 55 miles per hour; that when the automobile hit the ice it whipped to one side and slid, at which time the defendant asked, "What am I going to do?", and Edith Gilliland told her, "Take your foot off the brake."

Under these circumstances the jury could assume that the defendant, in the exercise of ordinary care, should have foreseen that there might be ice on the highway and should have operated her car at a speed and in a manner so as to be able to cope with such an eventuality.

We hold that the court properly submitted the question of negligence to the jury. *Cf. Whitley* v. *Patterson*, 204 Va. 36, 129 S. E. 2d 19.

■ The next question asserted is:

"(3) Whether there was sufficient evidence of contributory negligence on the part of the plaintiff to warrant instructions on contributory negligence."

Suffice it to say that the defendant has pointed out no danger or risk that was not known to her and which should have been known to the plaintiff. The defendant was the driver of the car and not the plaintiff. As said in *Steele* v. *Crocker*, 191 Va. 873, 882, 62 S. E. 2d 850, 855: "The guest should not undertake to drive and may trust the driver until it becomes plain that such trust is misplaced."

The difference in the duty of a passenger and that of a driver arises by reason of the fact that the driver has control of the car. Ordinarily the passenger has no duty to direct and control the driver unless it is obvious that the driver is taking no precautions for their safety.

Under the related circumstances we are of the opinion that the court properly held as a matter of law the plaintiff was free from negligence and thus properly refused any instruction dealing with contributory negligence on her part. *Bernard* v. *Bohanan, supra,* 203 Va., at page 376, 124 S. E. 2d, at page 195; 2 Mich. Jur., Automobiles, § 39, page 493.

■ The final question is:

"(4) Whether under the circumstances it was proper for the court to send the pleadings into the jury room."

In this connection, over the objection of the defendant, the court told the jury to take the pleadings into the jury room, and specifically told them it was proper for them to read them. The matter arose as follows:

"THE COURT: Members of the jury, go to your room and first select one of your number as foreman. Then consider the evidence within the limitations of the instructions and arrive at your verdict and then come back into court and report. Now, you will take with you the papers in the case and the instructions of the court, the two pictures there and any written exhibits, and write your verdict upon the motion for judgment.

"MR. FROST [Attorney for Defendant]: If Your Honor please, can't we have a slip of paper [upon which the jury might write its verdict]? I don't think you should send the motion for judgment into the jury room. You have always written on a piece of paper before what they can do [in their verdict] and it looks to me that is more proper.

"THE COURT: They are entitled to read the pleadings if they want to. It is immaterial to me.

"MR. FROST: Why not write it on a piece of paper like you usually do?

"THE COURT: You object to them taking the papers in there?

"MR. DANIEL [Attorney for Plaintiff]: I don't care if they do or not.

"THE COURT: I hate to be made a fool of. That is ridiculous. What are the pleadings for? What are the pleadings for if a jury can't read them? Do you want me to read them to them right here?

"MR. FROST: No, sir. I object to them being sent into the jury room.

"THE COURT: You want to hide something from them?

"MR. FROST: I have nothing to hide but I object to the pleadings being sent into the jury room.

"THE COURT: You object to them reading your pleadings?

"MR. FROST: I object to any pleadings going to the jury room.

"THE COURT: I will let them take them in there.

"MR. DANIEL: It doesn't make any difference to us.

"THE COURT: Let them go in there.

"MR. FROST: I want to except to the ruling of the court in letting the pleadings in to the jury room for the jury's consideration.

"THE COURT: Go on in there and find your verdict. You are entitled to read the pleadings if you want to. As a matter of fact, before you were born it was the practice of the court to read the pleadings to the jury. It is a frivolous objection.

"MR. FROST: I object and except to the remarks of the court."

While we have never ruled specifically on the question as to the propriety of the jury taking the pleadings to their room in considering of their verdict, the majority rule appears to be that the better practice is not to permit the pleadings to go to the jury.[1]

It is the duty of the court to construe the pleadings and to charge the jury on the issues raised. In the instant case the motion for judgment alleged gross negligence which had been eliminated from consideration. The motion also contained allegations of injuries which were not proved. For example, it asserted that plaintiff "sustained * * * injury to the tissues of the brain and nervous system;" "my eyesight and memory were permanently impaired;" "I have * * * and

[1] 89 C.J.S., Trial, § 469, pages 108, 109; Anno. 89 A.L.R. 1260, 1261; *Kansas City Ft.S.&M.R.Co.* v. *Eagan*, 64 Kan. 421, 67 P. 887; *Pulos* v. *Denver & R.G.R.Co.*, 37 Utah 238, 107 P. 241; *Signa* v. *Alluri*, 351 Ill. App. 11, 113 N. E. 2d 475.

will continue to have spells of double vision and other visual disturbances;" "I suffered severe and permanent injuries to the neck, spine and back;" "my ability to work" has "been permanently impaired;" and "I will continue in the indefinite future to be unable to work full time, and will lose wages and earnings."

These allegations in the motion for judgment were allegations only and not evidence. Under the circumstances the jury might well have concluded that the court believed the allegations had been proved as the court specifically told the jury they could read the motion for judgment.

We said in *Doe* v. *Brown* (1962), 203 Va. 508, 516, 125 S. E. 2nd 159, 165:

"* * * (T)rial courts should not permit the motion for judgment to be seen by the jury or carried to their room where the jury may thus learn that the defendant, John Doe, is covered by insurance."

We hold that the remarks of the court, made in the presence of the jury, were prejudicial to the defendant[2], and that under the circumstances of this case the pleadings were improperly permitted to be taken by the jury to their room.

For these reasons the judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

---

[2] Anno. 83 A.L.R. 2d 1128; *Spence* v. *Miller*, 197 Va. 477, 90 S. E. 2d 131; *Myers* v. *George*, U.S. Ct. of App., 8th Cir., 271 F. 2d 168.