ROBERT W. CLAYTON and ESTHER CLAYTON, Plaintiffs Below, Appellants, v. ADAM BARTOSZEWSKI, Defendant Below, Appellee.

(*March* 4, 1964.)

TERRY, Chief Justice, and WOLCOTT and CAREY, J. J., sitting.

*Victor F. Battaglia* (of the firm of Theisen and Lank) for appellants.

*Warren B. Burt* (of the firm of Prickett and Prickett) for appellee.

Supreme Court of the State of Delaware, No. 70, 1963.

TERRY, Chief Justice:

During July of 1961, plaintiff, Mrs. Clayton, a resident of Delaware, attended the funeral of her sister in this state. Immediately after attending the services, Mrs. Clayton's brother suggested that she accompany him to his home in Pennington Gap, Virginia. At this juncture, defendant, who apparently was present during this conversation, suggested that he drive Mrs. Clayton and her brother to Virginia, but stated that he was without funds to defray the expenses of such a trip. Mrs. Clayton, through depositions and an affidavit filed in the court below states that defendant was reimbursed by her for all of his expenses during the trip and, further, that defendant stated that the trip would be a vacation trip for him which he otherwise could not have taken. Defendant,

through deposition, disputes these latter two contentions.

The trip to Virginia proceeded without incident, with defendant doing much of the driving throughout the night. Defendant retired at approximately 10:30 the following evening and apparently had a normal amount of sleep. After dinner the subsequent evening, Mrs. Clayton and defendant began the return trip.

At approximately 3:45 a.m., plaintiff noticed defendant's head nod twice. Accordingly, she asked defendant if he was sleepy and suggested that if he was, they should stop the car so that he could obtain adequate rest. Defendant denied that he was feeling sleepy, demurred to the suggestion that the car be pulled over, but did agree to roll down the window to let in the outside air. During the entire course of this conversation, plaintiff did not notice any erratic driving on the part of defendant; in fact, the record indicates that defendant was a competent and skilled driver for the entire period of time that he was under plaintiff's observation.

Following this conversation, plaintiff, after being assured by defendant that he did not object to her going to sleep, went to sleep in the front seat of the car. Approximately an hour and a half later, defendant apparently fell asleep, lost control of the car, which collided with a tree. As a result of the accident, plaintiff brought suit for personal injuries against defendant and plaintiff's husband was joined as a party plaintiff claiming damages for loss of consortium. In both causes of action, only simple negligence was alleged.

After preliminary discovery, defendant moved for summary judgment upon three grounds:

(1) That plaintiff was a non-paying guest and, accordingly, could recover only if gross negligence on the

part of defendant was pleaded and shown;

(2) That plaintiff was contributorily negligent as a matter of law; and

(3) That plaintiff assumed the risk as a matter of law.

Prior to decision upon the motion for summary judgment, plaintiff was granted permission to amend the pleadings to include an allegation of gross negligence against defendant. The court below, after holding that, for the purposes of the motion, plaintiff was a paying passenger, held that plaintiff's claim was barred, as a matter of law, because of either her contributory negligence or assumption of risk. It is from this decision that plaintiffs prosecute this appeal.

 Since the accident and the alleged injury occurred entirely in the Commonwealth of Virginia, the substantive law of that state governs this action. See *Gorman v. Murphy Diesel Company,* 3 Terry 149, 42 Del. 149, 29 A.2d (Superior Court, 1942). Therefore, the law of Virginia is controlling in determining the standard of care required of defendant, and whether or not plaintiff is guilty of contributory negligence as a matter of law or assumed the risk as a matter of law. See *Price v. Crowl,* 175 A.2d 50 (Superior Court, 1961), and 65 C.J.S. Negligence § 177a.

As noted above, the court below found that plaintiff was a paying passenger within the meaning of the Virginia Guest Statute. Section 8-646.1 of the Virginia Code is as follows:

"No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation and no personal representative of any such

guest so transported shall be entitled to recover damages against such owner or operator for death or injuries to the person or property of such guest resulting from the operation of such motor vehicle, unless such death or injury was caused or resulted from the gross negligence or willful and wanton disregard of the safety of the person or property of the person being so transported on the part of such owner or operator."

No cross-appeal was taken by the defendant from the finding of the lower court. Since the decision of the court below was predicated upon a motion for summary judgment, the statements of the plaintiff, found in discovery proceedings and the affidavit filed with the court, must be accepted as true. Accordingly, the evidence shows that plaintiff paid all expenses of the trip, including those of defendant, and further, that the trip was considered by defendant as a free vacation. In such circumstances, plaintiff cannot be held to be a "guest without payment" within the meaning of the Virginia Guest Statute. See *Gammon v. Hyde,* 199 Va. 918, 103 S.E.2d 221 (1958), and *Bernard v. Bohanan,* 203 Va. 372, 124 S.E.2d 191 (1962).

Addressing ourselves to the issue of contributory negligence and assumption of risk, plaintiff, in the court below and in the briefs filed with this court, did not contest the rule that contributory negligence or assumption of risk is a valid defense under Virginia law to an allegation of gross negligence. Rather, the thrust of plaintiff's argument, was addressed to the quantum of proof required to establish these defenses as a matter of law. In a supplemental memorandum, requested by this court during oral argument, plaintiff modified her position by citing the well-established rule, enunciated in Restatement of Torts, Section 482(1), that contributory negligence does not immu-

nize a defendant from liability for his reckless conduct. However, defendant is charged with gross negligence, which is clearly distinguished within the terms of the Virginia Guest Statute, from willful and wanton conduct.

As stated in 65 C.J.S. Negligence § 131:

"As a general rule, where willful or wanton conduct for which defendant is responsible is a proximate cause of the injuries complained of, contributory negligence does not bar recovery. * * * The rule that contributory negligence may bar recovery applies, even though the negligence for which the defendant is responsible is such as may be properly termed 'gross negligence.' "

As defined by the Supreme Court of Virginia, gross negligence falls short of "such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong." *Newell v. Riggins*, 197 Va. 490, 90 S.E.2d 150, 153 (1955), citing *Thornhill v. Thornhill*, 172 Va. 553, 2 S.E.2d 318, 322 (1939).

In other words, the term gross negligence, as applied by the Virginia courts, is limited to a description of that type of conduct on the part of a driver of a motor vehicle which will allow a non-paying guest to recover damages. In order to remove the defense of contributory negligence or assumption of risk, willful or wanton conduct, described separately in the Virginia Guest Statute, must be shown. The two cases upon which plaintiffs rely most heavily in their supplemental memorandum, clearly indicate that contributory negligence is a proper defense to an action based upon gross negligence. See *Garst v. Obenchain*, 196 Va. 664, 85 S.E.2d 207 (1955), and *Bates v. Thompson*, 200 Va. 501, 106 S.E.2d 728 (1959).

In the light of the admitted and contested facts, when applied most favorably to the plaintiff, was she contribu-

torily negligent as a matter of law, or did she assume the risk that defendant would fall asleep as a matter of law?

One riding as a passenger in a motor vehicle "* * * has the right to assume that the driver will exercise reasonable care and caution and is under no duty to supervise the driving * * * in the absence of knowledge that the driver is unfit or incompetent to drive." 8 Am.Jur.2d, Automobiles and Highway Traffic, Section 528. Accordingly, no issue of contributory negligence would be presented had plaintiff fallen asleep prior to the 3:45 a.m. incident. See *Newell v. Riggins,* cited supra.

■ Admittedly, however, a question of contributory negligence is present in the instant case. Plaintiff saw defendant's head nod twice and indicated that, because of this nodding, he appeared to be sleepy. She was fully aware of the lateness of the hour and suggested that, if defendant were sleepy, they should pull over to the side of the road. Despite her knowledge of such facts, she elected to go to sleep.

Arrayed against these factors against the plaintiff are the following:

(1) Plaintiff was aware that defendant had driven to Virginia throughout the night without incident;

(2) Until the conversation and during conversation, the defendant's driving was perfectly rational;

(3) Defendant, a close and apparently trusted friend of the plaintiffs, denied that he was sleepy;

(4) To plaintiff's knowledge, defendant had had a good night's sleep the previous night;

(5) Defendant did roll down the window which allowed entrance of the outside air;

(6) The incident happened in an apparently deserted area, and defendant refused to accede to plaintiff's request that the car be stopped

Weighing the above factors, we cannot say, as a matter of law, that plaintiff was contributorily negligent in going to sleep following the conversation. As stated in 8 Am.Jur.2d, Automobiles and Highway Traffic, Section 535:

"The conduct of a guest in voluntarily going to sleep does not constitute contributory negligence as a matter of law so as to preclude a recovery against the driver who has been found to have been negligent, but rather the question of the contributory negligence of the guest is ordinarily one for the jury."

We are further satisfied that the Virginia courts would also so hold. *Bates v. Thompson,* cited supra, presented the following facts:

Approximately sixty miles from the scene of the accident, defendant's decedent, while plaintiff's decedent was a passenger in his car, was arrested and given a ticket for excessive speeding. The arresting officer clearly smelled alcohol on the driver's breath. At approximately four miles from the accident scene, the driver was again arrested for racing his engine. Again, alcohol was smelled on his breath. The driver drove away from the arresting policeman at a reckless rate of speed, and at the accident scene, an empty broken bottle of whiskey was found in the car.

In holding that the contributory negligence of the guest was a jury question. the court stated:

"Negligence, contributory negligence, and proximate cause are generally questions for the jury. * * * if reasonable men may differ as to the conclusion of fact to be

drawn from the evidence, or if the conclusion is dependent upon the weight to be given the testimony, a jury is the proper tribunal to decide the question." (At page 731 of 106 S.E.2d)

Accordingly, we are of the opinion that a jury could properly find that Mrs. Clayton, after satisfying herself that defendant was not sleepy, was not negligent in relying upon his assurances that he was indeed fully competent to drive. The finding of the lower court that defendant would have obviously stopped if Mrs. Clayton had pressed the matter further is not supported by the admitted facts, and further presupposes that Mrs. Clayton had an affirmative duty to require that the car be stopped.

With respect to the question of assumption of risk, the Supreme Court of Virginia has stated:

"The doctrine of assumption of risk rests on two premises:

"(1) that the nature and extent of the risk are fully appreciated; and

"(2) that it is voluntarily incurred." *Davis v. Sykes,* 202 Va. 952, 121 S.E.2d 513 (1961).
In the instant case, in view of the past driving of the defendant and his denial of sleepiness, we are unable to say, as a matter of law, that plaintiff fully appreciated the fact that defendant was, indeed, sleepy and likely to lose control of the car. Since such a finding is a prerequisite to the application of the doctrine of assumption of risk, we must therefore hold that this defense is also properly one for a jury determination.

Accordingly, the judgment of the court below is reversed.