Carolyn F. IATOMASI, Appellant,

v.

Emery A. RHODES, Appellee.

No. 12452.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 29, 1968.

Decided March 3, 1969.

Henry Kowalchick (Albert C. Selkin, and Steingold, Steingold & Chovitz, Norfolk, Va., on the brief), for appellant.

Henry C. Morgan, Jr., Norfolk, Va. (Pender, Coward, McDuffie & Addison, Norfolk, Va., on the brief), for appellee.

Before BOREMAN and BUTZNER, Circuit Judges, and McMILLAN, District Judge.

BOREMAN, Circuit Judge:

This is an appeal from a judgment in favor of the defendant entered upon a jury verdict in a diversity action for damages for personal injuries.

The plaintiff, Mrs. Iatomasi, was a passenger in an automobile which was being driven easterly by her husband in the City of Norfolk along Ocean View Avenue, a four-lane highway, divided by a median strip and leading from the Hampton Roads bridge-tunnel. Intending to ask directions and to purchase ice cream at a roadside drive-in stand,

plaintiff's husband stopped his automobile in the right-hand lane of the highway where parking was prohibited and walked away. During her husband's absence the plaintiff elected to remain seated in the automobile. Just prior to the accident the defendant was driving his automobile in an easterly direction in the right-hand lane of the same highway, with which he was familiar, and was approaching the Iatomasi automobile from the rear. There was evidence to show that the Iatomasi vehicle was not positioned close to the right-hand curb but was in the left center of the lane, a departure from customary parking practice. The evidence further disclosed that the defendant, glancing forward when some distance away and initially assuming that the Iatomasi vehicle was moving since it was not close to the curb and no parking was permitted along this highway, continued at his normal rate of speed which was less than the maximum. However, as he drew nearer to the parked automobile he perceived that it was not moving at the same rate of speed as his own or, perhaps, was not moving at all, and attempted to change lanes by driving to his left. He discovered, however, that he was prevented from doing so by a truck going in the same direction which was overtaking and passing him in the adjoining lane to his left. When he realized his predicament defendant attempted to stop by applying his brakes, skidding his wheels, and pulling to his left as far as possible, but his car struck the Iatomasi vehicle toward its left rear. The plaintiff was injured in the resulting collision.

The accident occurred in the early afternoon. The day was clear and the roadway was dry. The evidence disclosed that at various points along this street there were "No Parking" signs, the plaintiff did not observe any such signs, nor did she observe any of the other facts and circumstances such as a readily accessible customer parking lot off the highway and immediately beside the ice cream stand, the location of the car in which she was seated in relation to the curb, the general nature of the highway and the posted speed limit of forty miles per hour. Furthermore, plaintiff had no vision in her right eye and admittedly made no effort to view her surroundings with her left eye by turning her head; instead, she was engaged in looking at a map in order to orient herself.

The district court submitted for jury determination the issues of defendant's negligence, the plaintiff's contributory negligence, and proximate cause with explanatory instructions. Following the jury verdict in favor of the defendant the plaintiff moved for judgment in her favor or, in the alternative, to set aside the verdict and grant a new trial. The court denied the motion and filed a Memorandum Order assigning reasons for such denial. Inexplicably, the court stated in its order that the defendant was "guilty of negligence as a matter of law,"[1] but after discussing in two short paragraphs the evidence and law pertinent to the issue of plaintiff's contributory negligence the court stated in unequivocal language: *"The issues of negligence, contributory negligence and proximate cause were for the jury."* (Emphasis added.) This statement is consistent with the court's theory and conduct of the case since, as stated above, these issues were, in fact, submitted to the jury under adequate instructions. Upon examination of the record we conclude, under the evidence, that all three issues were properly submitted to the jury.

 Negligence is a question of law to be determined by the court rather than by the jury *only* when the facts are undisputed and fair-minded men could draw only one inference therefrom. Giannone v. Johnson, 204 Va. 493, 132 S.E.2d 445 (1963). The defendant,

1. This statement may be explained as inadvertent or as the result of an unfortunate choice of language since it conflicts with the court's later statement concerning the issues for jury determination.

knowing that he was on a much traveled, divided highway with a speed limit of forty miles per hour and that parking was not allowed on the highway did not, as a matter of established fact, act unreasonably in initially thinking that the Iatomasi vehicle was moving. There was evidence to show that not only was the Iatomasi vehicle in a driving lane where no other vehicles were stopped but it was stopped in the left center of the lane. Shortly after he first saw the Iatomasi vehicle the defendant observed a truck approaching from his rear and passing. Thus he was discharging his duty to observe traffic to his rear and side. Russell v. Hammond, 200 Va. 600, 106 S.E.2d 626 (1959). Then observing that the Iatomasi vehicle was stopped defendant's natural impulse was to change to the lane adjoining to his left but the presence of the truck prevented this action and he then turned partially left, applied his brakes and skidded his wheels. Thus there was evidence to show that defendant did see the Iatomasi vehicle; he did observe another passing vehicle; he did observe that the Iatomasi car was stopped; and he did take action to avoid the collision. Whether the defendant was tardy in making certain observations or was otherwise negligent are questions which do not lend themselves to exactness in determination. The answers may vary from person to person. These are questions with respect to which reasonable minds may differ and are for the jury to decide.

Under the evidence we think the district court did not err in submitting to the jury the issue of Mrs. Iatomasi's contributory negligence and the issue of proximate cause. In Virginia Transit Co. v. Simmons, 198 Va. 122, 92 S.E.2d 291, 296 (1956), the Supreme Court of Appeals of Virginia stated:

> " 'While an occupant of a vehicle is not required to exercise the same watchfulness as the driver, it is his duty to exercise ordinary care, includ-

ing a reasonable use of his faculties of sight, hearing, and intelligence, to observe and appreciate danger or threatened danger of injury, and, if he fails to do so, and such failure contributes to the injury complained of as a proximate cause, he is guilty of contributory negligence.' 65 C.J.S., Negligence, § 152."

Furthermore, in connection with this duty to maintain a proper watch Virginia has found also a duty on the part of the passenger to direct the driver of an automobile when it is apparent that the driver is failing to take necessary precautions in the face of apparent danger. Gilliland v. Singleton, 204 Va. 115, 129 S.E.2d 641, 10 A.L.R.3d 1078 (1963); Virginia Ry. & Power Co. v. Gorsuch, 120 Va. 655, 91 S.E. 632 (1917).

In determining whether the plaintiff made reasonable use of her faculties and exercised ordinary care it is interesting to compare what observations she made and did not make. She did observe that her vehicle was in the curb lane and that there were no other parked vehicles in that lane either before or beyond the point of collision. She did not observe the posted speed limit, the number of lanes in the highway, any of the "No Parking" signs, the position of her car in relation to the curb or the presence of a parking lot right beside her. She remained in the car looking at a map, apparently indifferent to dangerous conditions. There was ample evidence to support the submission of the issue of plaintiff's contributory negligence to the jury.

If the jury found that the plaintiff, under the circumstances, was negligent in remaining in the stopped vehicle the jury could have found further that her negligence continued in operation until the collision and was a proximate cause of her injuries. Saunders v. Bulluck, (Rittenhouse v. Bulluck), 208 Va. 551, 159 S.E.2d 820 (1968).

Affirmed.